1

2

3

4

5

6

7

8           **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   FELICITAS DOMINGUEZ,                        No. 2:14-cv-2098-CMK

12                  Plaintiff,

13          vs.                                          ORDER

14   JACK IN THE BOX,

15                  Defendant.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this action purportedly

18   pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant

19   to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending

20   before the court is plaintiff's complaint[1] (Doc. 1).

21   _____

22          [1]       Plaintiff has also filed a request to proceed in forma pauperis.  Her original
     application was incomplete as she failed to provide a certified copy of her prison trust account
23   statement.  She was ordered to submit a completed application.  The second application she filed
     failed to provide any trust account statement.  She indicates that she submitted a copy of her
24   prison trust account statement to the court, but she failed to include her case number on the
     document.  The court has no record of receiving a certified statement.  The only trust account
25   statement on the court's docket is the one included with her original in forma puaperis request,
     which was not a certified copy as required.  However, the court finds this action cannot otherwise
26   proceed, so is issuing this order despite plaintiff's incomplete application.

                                                      1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).   Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action  "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."

The Federal Rules of Civil Procedure require that complaints contain a " short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

She alleges she was discriminated against by Jack in the Box.  She states that after ordering her food, employees brought her order out to the parking lot where she was waiting with the Police Officer who paid for her breakfast.  She was told she was not allowed to eat in the lobby.  She claims that was slander and discrimination, and she was made to feel very sad and less of a person, that her self esteem was hurt.

## II.  DISCUSSION

Plaintiff filed this action using a form complaint under the Civil Rights Act, 42 U.S.C. § 1983.  In general, § 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right.  42 U.S.C. § 1983 (1982).  Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  "Traditionally, the requirements for relief under [§] 1983 have been articulated as (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Generally, plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).

To state a claim for violation of her constitutional rights, plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right . . . if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional

1   deprivation.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

2           Plaintiff's complaint does not name any individual defendant who could be

3   considered a state actor.  Rather, the only defendant named is Jack in the Box.  Neither Jack in

4   the Box, nor any of the employees could be considered state actors acting under state law.  <u>See</u>

5   <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991) (finding private parties are not generally

6   acting under color of state law).  Therefore, plaintiff cannot state a claim under § 1983.

7           "Federal courts are courts of limited jurisdiction."  <u>Kokkonen v. Guardian Life</u>

8   <u>Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this

9   limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

10  jurisdiction."  <u>Id.</u> (citations omitted).  Federal courts have jurisdiction to hear cases involving

11  federal questions and cases between citizens of different states.  28 U.S.C. § 1331 provides that

12  "district courts shall have original jurisdiction of all civil actions arising under the Constitution,

13  laws, or treaties of the United States."  Section 1332 provides, in relevant part, that "district

14  courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

15  the sum or value of $75,000, . . . and is between citizens of different States . . . ."

16          Here, the only claims plaintiff alleges are discrimination and slander.  She does

17  not reference any law in her complaint, but on the civil cover sheet attached thereto, she indicates

18  she is proceeding under California Civil Code § 51 and the Fourth Amendment.   Slander is a

19  state law claim, which this court could exercise supplemental jurisdiction over only if plaintiff

20  otherwise states a claim under federal law.  As to her discrimination claim, the only law

21  identified is Civil Code § 51, the Unruh Civil Rights Act.  Again, this is a state law and does not

22  provide this court with federal question jurisdiction.  If she was attempting to bring any other

23  discrimination claim, her allegations are too vague for the court to find any claim there as she

24  failed to identify what right was violated and how she qualified for the protection of that law.

25  Finally, the Fourth Amendment violation identified on the civil cover sheet is not alleged in the

26  body of the complaint.  The Fourth Amendment protects citizens against unreasonable search and

4

seizure.  There is nothing in the facts alleged that would indicate plaintiff's Fourth Amendment rights were, or could have been, violated by Jack in the Box.  The undersigned finds no federal question to provide this court jurisdiction.  Similarly, there is no allegation that this case would qualify for diversity jurisdiction, as plaintiff indicates on the civil cover sheet that both parties are citizens of the state of California.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim.  If plaintiff believes she would be able to cure the defects in the complaint identified herein, she may inform the court in any objections she files.  Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

IT IS SO ORDERED.


DATED:  April 28, 2016


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE